Oscar **JOHNSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 12–11–00038–CR.

Court of Appeals of Texas, Tyler.

March 30, 2012.

James W. Huggler Jr., Tyler, TX, for Appellant.

Michael J. West, for The State of Texas.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

## OPINION

JAMES T. WORTHEN, Chief Justice.

Oscar Johnson appeals his conviction for possession of less than one gram of cocaine, for which he was sentenced to imprisonment for twenty years. Appellant raises five issues on appeal. We modify and affirm as modified.

### BACKGROUND

On the night of November 29, 2009, Bullard Police Department Officer Michael Skinner was traveling on Farm to Market Road (FM) 757. Skinner testified that FM 757 is a narrow, two lane road with no shoulder and is highly traveled. While driving on FM 757, Skinner observed a red Dodge truck fail to maintain its position in a single lane when its tires crossed over the center dividing line of the highway. Upon observing this, Skinner initiated a traffic stop. Once stopped, the driver, Appellant, exited the truck and proceeded to walk toward Skinner. Skinner instructed Appellant, who appeared to him to be nervous, to return to his vehicle. After checking Appellant's driver's license, Skinner asked Appellant to exit his vehicle. As Appellant complied with Skinner's instruction, Skinner observed crack cocaine on the vehicle's floor in between the driver's-side seat and the driver's-side door. Skinner arrested Appellant and searched the vehicle. As a result of the search, Skinner found two more rocks of crack cocaine.

Appellant was charged by indictment with possession of less than one gram of cocaine and pleaded "not guilty." Thereafter, he filed a pretrial motion to suppress the cocaine seized from his vehicle contending that Skinner's traffic stop was not lawful. The trial court denied Appellant's

motion to suppress, and the matter proceeded to a jury trial. Ultimately, the jury found Appellant "guilty" as charged. Following a bench trial on punishment, the trial court sentenced Appellant to imprisonment for twenty years and ordered that he pay $284.00 in court costs and $140.00 as reimbursement to the Texas Department of Public Safety (DPS). This appeal followed.

### SUPPRESSION OF EVIDENCE

In his first issue, Appellant argues that the trial court erred in denying his motion to suppress because Skinner had no reasonable suspicion upon which to base the traffic stop.

### Standard of Review

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Hubert v. State,* 312 S.W.3d 554, 559 (Tex.Crim.App.2010); *Carmouche v. State,* 10 S.W.3d 323, 327 (Tex.Crim.App.2000). A trial court's decision to grant or deny a motion to suppress is generally reviewed under an abuse of discretion standard. *Oles v. State,* 993 S.W.2d 103, 106 (Tex.Crim.App.1999); *Villarreal v. State,* 935 S.W.2d 134, 138 (Tex. Crim.App.1996); *Maysonet v. State,* 91 S.W.3d 365, 369 (Tex.App.-Texarkana 2002, pet. ref'd). We will review de novo the legal question involving interpretation of the Texas Transportation Code. *Wehring v. State,* 276 S.W.3d 666, 669 (Tex. App.-Texarkana 2008, no pet.) (citing *Hernandez v. State,* 957 S.W.2d 851 (Tex.Crim. App.1998) and *Maysonet,* 91 S.W.3d at 369). Since all evidence is viewed in the light most favorable to the trial courts ruling, we are obligated to uphold it on a motion to suppress if that ruling was supported by the record and was correct under any theory of law applicable to the case. *State v. Ross,* 32 S.W.3d 853, 856 (Tex.Crim.App.2000); *Carmouche,* 10 S.W.3d at 327; *State v. Ballard,* 987 S.W.2d 889, 891 (Tex.Crim.App.1999); *Maysonet,* 91 S.W.3d at 369.

### Governing Law

A routine traffic stop closely resembles an investigative detention. *Powell v. State,* 5 S.W.3d 369, 375 (Tex.App.-Texarkana 1999, pet. ref'd). Because an investigative detention is a seizure that implicates the United States and Texas constitutions, the traffic stop must be reasonable. U.S. CONST. amend. IV; TEX. CONST. art. I, § 9; *Francis v. State,* 922 S.W.2d 176, 178 (Tex.Crim.App.1996). To determine the reasonableness of an investigative detention, we conduct the inquiry set forth by the United States Supreme Court in *Terry v. Ohio:* (1) whether the officers action was justified at its inception; and (2) whether it was reasonably related in scope to the circumstances that initially justified the interference. *Terry v. Ohio,* 392 U.S. 1, 19–20, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968); *Davis v. State,* 947 S.W.2d 240, 242 (Tex.Crim.App. 1997).

Under the first guideline, an officers reasonable suspicion justifies an investigative detention. *Davis,* 947 S.W.2d at 242–43. Specifically, the officer must have a reasonable suspicion that some activity out of the ordinary is occurring or has occurred. *Id.* at 244 (citing *Garza v. State,* 771 S.W.2d 549, 558 (Tex.Crim.App. 1989)). To determine whether an officer was reasonable in his initial action, we ask whether, in light of the officers experience and knowledge, there existed specific, articulable facts which, taken together with rational inferences from those facts, reasonably warranted an intrusion. *Id.* at 242. Thus, if an officer has a reasonable basis for suspecting that a person has committed a traffic offense, the officer may legally initiate a traffic stop. *See Powell v. State,* 5 S.W.3d at 376 (Tex.App.-Texar-

kana 1999, pet. ref'd) (citing *Drago v. State,* 553 S.W.2d 375, 377–78 (Tex.Crim. App.1977)). It is not necessary to show that the person detained actually violated a traffic regulation. *See Powell,* 5 S.W.3d at 376–77.

### *Crossing the Center Lane Dividing Line*

Subject to exceptions not applicable here, Texas Transportation Code, Section 545.051 provides that (1) an operator of a vehicle "shall drive on the right half of the roadway[.]" TEX. TRANSP. CODE ANN. § 545.051(a) (West 2011). Further, Texas Transportation Code, Section 545.060 provides that an operator on a roadway divided into two or more clearly marked lanes for traffic shall drive as nearly as practical entirely within a single lane and may not move from the lane unless that movement can be made safely. *See id.* § 545.060 (West 2011). Any peace officer may arrest without warrant a person found committing a violation of this subtitle. *Id.* § 543.001 (West 2011).

During the hearing on Appellant's motion to suppress, Skinner testified that he initiated the traffic stop because he observed a red Dodge truck commit a traffic offense on Farm to Market Road 757 by its failure to maintain a single lane. Appellant notes that, during cross examination, Skinner testified that the truck crossed over the center stripe for just a moment and that the action occurred when there was no oncoming traffic. Thus, according to Appellant, there is no evidence that Appellant's movement was unsafe. However, during redirect examination, Skinner testified that given this particular road, at night, with no shoulder, and the fact that there was a double yellow highway dividing line indicating a "no passing" zone, he did not believe that a person could ever safely move a vehicle over the center line.

■ We need not decide whether the suppression hearing evidence in this case supports a reasonable suspicion that Appellant violated Section 545.060(a). Skinner's stopping Appellant's vehicle was justified based on Appellant's violation of Section 545.051(a), which does not contain an "unless the movement can be made safely" exception to the prohibition against crossing the center line. *See* TEX. TRANSP. CODE ANN. § 545.051(a); *Bracken v. State,* 282 S.W.3d 94, 98 (Tex.App.-Fort Worth 2009, pet. ref'd). Thus, whether Appellant could safely cross the center line is irrelevant to our reasonable suspicion analysis. *Id.* at 98–99. Accordingly, we hold that the trial court did not abuse its discretion in denying Appellant's motion to suppress based on the legality of the traffic stop.

■ Yet, even if the issue of safety was relevant, the outcome of Appellant's first issue would not differ. We are mindful that it is not necessary to show that the person detained actually violated a traffic regulation. *See Powell,* 5 S.W.3d at 376–77. Rather, the officer must only have a reasonable basis for suspecting that a person has committed a traffic offense to legally initiate a traffic stop. *Id.* at 376. Here, Skinner's testimony supports that Appellant drove his vehicle across the double center lane dividing line on a two lane highway. Moreover, Skinner testified that he believed Appellant's maneuver was dangerous. Considering Skinner's testimony in conjunction with his statements that it was dark at the time and the road was narrow, highly traveled, and had no shoulder, we conclude that the trial court could have determined that Skinner had a reasonable basis for suspecting that Appellant had committed a traffic offense and could, therefore, legally initiate a traffic stop. *Id.; cf., e.g., Tex. Dep't of Pub. Safety v. Chang,* 994 S.W.2d 875, 877–78 (Tex.App.-Austin 1999, no pet.) (officer had reason-

able suspicion to stop vehicle after it crossed double yellow center line of roadway).

Appellant's first issue is overruled.

## JURY INSTRUCTION ON LEGALITY OF SEIZURE

In his second issue, Appellant argues that the trial court erred by failing to instruct the jury pursuant to Texas Code of Criminal Procedure, Article 38.23 because there was a factual dispute concerning whether Appellant committed a traffic violation. Specifically, Appellant contends that there was a factual dispute concerning whether he was moving in a safe manner when he crossed the center line.

■ A defendant's right to the submission of jury instructions under Article 38.23(a) is limited to disputed issues of fact that are material to his claim of a constitutional or statutory violation that would render evidence inadmissible. *Madden v. State,* 242 S.W.3d 504, 509–10 (Tex.Crim. App.2007). The terms of the statute are mandatory, and when an issue of fact is raised, a defendant has a statutory right to have the jury charged accordingly. *Id.* at 510. The only question is whether under the facts of a particular case, an issue has been raised by the evidence so as to require a jury instruction. *Id.* Where no issue is raised by the evidence, the trial court acts properly in refusing a request to charge the jury. *Id.*

■ There are three requirements that a defendant must meet before he is entitled to the submission of a jury instruction under Article 38.23(a). *See id.* They are as follows:

(1) The evidence heard by the jury must raise an issue of fact;

(2) The evidence on that fact must be affirmatively contested; and

(3) That contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence.

*See id.* If there is no disputed factual issue, the legality of the conduct is determined by the trial judge alone, as a question of law. *Id.* And if other facts, not in dispute, are sufficient to support the lawfulness of the challenged conduct, then the disputed fact issue is not submitted to the jury because it is not material to the ultimate admissibility of the evidence. *Id.* The disputed fact must be an essential one in deciding the lawfulness of the challenged conduct. *Id.* at 511.

In the case at hand, Appellant directs his argument to Skinner's allegedly conflicting testimony about whether Appellant's maneuvering his vehicle across the highway's double yellow center line was done safely. However, the fact that Appellant's vehicle crossed the highway's center dividing lines is not in dispute. As set forth previously, Skinner's stopping Appellant's vehicle was justified based on Appellant's violation of Section 545.051(a), which does not contain an "unless the movement can be made safely" exception to the prohibition against crossing the center line. *See* TEX. TRANSP. CODE ANN. § 545.051(a); *Bracken,* 282 S.W.3d at 98. Therefore, since no issue is raised by the evidence regarding whether Appellant's vehicle crossed the highway dividing line, we hold that the trial court did not err in refusing Appellant's request to charge the jury under Article 38.23. Appellant's second issue is overruled.

## REIMBURSEMENT OF DRUG LAB FEE TO DPS

■ In his third issue, Appellant argues that the trial court erred in entering an order of reimbursement of $140.00 to the DPS as a drug lab fee when it lacked

the statutory authority to do so.[1] In his fifth issue, Appellant argues that the trial court erred in entering the reimbursement order when reimbursement was not referenced in the court's oral pronouncement of sentence.

 Except for complaints involving systemic or absolute requirements, or rights that are waivable only, all other complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with Texas Rule of Appellate Procedure 33.1(a). *See Mendez v. State,* 138 S.W.3d 334, 342 (Tex.Crim.App.2004). Appellant's complaints do not involve systematic requirements or waivable only rights. *See id.; Saldano v. State,* 70 S.W.3d 873, 888 (Tex.Crim.App.2002) (discussing examples of waivable only rights). Thus, to preserve his complaints for appellate review, Appellant was required to make a timely request, objection, or motion with sufficient specificity to apprise the trial court of the complaints. *See* TEX.R.APP. P. 33.1(a); *Dreyer v. State,* 309 S.W.3d 751, 754 (Tex.App.-Houston [14th Dist.] 2010, no pet.).

 In the instant case, Appellant was first made aware of the errors of which he now complains when the trial court entered its written judgment on December 22, 2010, one day after it pronounced Appellant's sentence in open court. At that point, Appellant had the opportunity to apprise the trial court of the alleged error by raising the issue in a postjudgment motion. *Cf., e.g., Zywicki v. State,* No. 03–97–00713–CR, 1999 WL 76420, at *7 (Tex. App.-Austin Feb. 19, 1999, pet. ref'd) (not designated for publication) (the appellant failed to preserve error when he did not raise issue of which he had notice in motion for new trial or other postjudgment motion). We have reviewed the record and have found no postjudgment motion in which Appellant attempted to apprise the trial court of the matters he now raises in his third and fifth issues. Accordingly, we hold that Appellant has failed to preserve error on these issues. Appellant's third and fifth [2] issues are overruled.

## SUFFICIENCY OF EVIDENCE OF REIMBURSEMENT

 In his fourth issue, Appellant contends that the trial court erred in entering the reimbursement order because there was no evidence before the court that the DPS had incurred the amount ordered to be reimbursed. The State cites to no evidence of record to support the amount of reimbursement ordered, but instead, argues that because Appellant lodged no objection to the trial court's reimbursement order, he cannot now complain of the assessment. The assessment of a reimbursement fee to the DPS must be supported by sufficient evidence. *See Brown v. State,* No. 06–11–00022–CR, 2011 WL 3275284, at *1 (Tex.App.-Texarkana Aug. 2, 2011, no pet.) (citing *Mayer v. State,* 309 S.W.3d 552, 555–56 (Tex.Crim. App.2010) (the appellant did not waive right to contest trial court's order to pay court appointed attorney's fees as reimbursement despite failure to object to order before trial court)). A complaint regarding sufficiency of the evidence can be brought for the first time on appeal. *See*

---

1. *See Aguilar v. State,* 279 S.W.3d 350, 353 (Tex.App.-Austin 2007, no pet.) (trial court can order defendant to pay lab fees only as condition of community supervision).

2. Even had Appellant preserved error with regard to his fifth issue, the outcome would not differ. *See Horton,* 2010 WL 2010932, at *4 (because DPS lab fees do not constitute punishment and are not part of sentence, oral pronouncement not required as precondition of their being included in written judgment).

*Mayer,* 309 S.W.3d at 555–56. Accordingly, we have reviewed the record for evidence to support payment of a drug lab fee to DPS in the amount of $140.00 and have found no such evidence.

In its brief, the State suggests that if more evidence is needed to support the reimbursement amount, we should remand the cause to the trial court for an evidentiary hearing. In the past, we have abated appeals to provide an opportunity for this sort of evidentiary hearing. However, under the circumstances of the instant case, we decline to do so. *See id.* at 557. When claims of insufficient evidence are made, the case is not usually remanded to permit supplementation of the record to make up for alleged deficiencies in the record evidence. *See id.* Sufficiency of the evidence is measured by viewing all of the record evidence in the light most favorable to the verdict. *Id.* Based on our review of the record, there is no indication that the State was precluded from presenting evidence and being heard on the issue of the amount of fees charged by the DPS drug lab. Accordingly, we hold that because the trial court's reimbursement order lacks evidentiary support, it is improper and should be deleted. Appellant's fourth issue is sustained.

### DISPOSITION

We have sustained Appellant's fourth issue. Having done so, we *modify* the trial court's judgment by deleting the order that Appellant pay reimbursement to the DPS in the amount of $140.00. Having overruled Appellant's first, second, third, and fifth issues, we *affirm* the trial court's judgment as modified.