# NO. 12-12-00344-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RICHARD TORRES RAMIREZ,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Richard Torres Ramirez appeals his conviction for possession of a controlled substance. He raises three issues on appeal. We modify, and affirm as modified.

## BACKGROUND

In February 2012, detectives with the Smith County Sheriff's Office were conducting surveillance on a home where they believed illegal narcotics transactions were taking place. During their surveillance, they observed suspected narcotics activity, followed the suspected buyer's vehicle, observed a traffic violation, and detained the vehicle and its occupants. During this investigation, the detectives confirmed that the occupants purchased narcotics, and one of the occupants agreed to be an informant in hopes of mitigating the consequences of his illegal conduct.

That same day, the detectives agreed with the informant's request, and the informant made a call to Appellant. He made arrangements to meet Appellant at a local gas station to engage in another narcotics transaction while the detectives and other deputies watched. Prior to the meeting, the detectives searched the informant and his vehicle to confirm that he possessed no other narcotics. The detectives gave the informant official funds belonging to Smith County, and wired him for audio and video. Appellant arrived at the gas station as requested. The

informant approached the vehicle and appeared to purchase narcotics from Appellant. The informant gave the prearranged signal that the purchase had occurred, and the deputies arrested Appellant. Appellant's vehicle was searched, and the detectives discovered methamphetamine.

Appellant was indicted for the felony offense of possession of a controlled substance. Due to prior felony convictions, the punishment level was increased to that of a first degree felony. Appellant pleaded not guilty and the matter proceeded to a jury trial. Appellant filed a motion to suppress evidence, claiming that the first-time informant was not reliable, the detectives and deputies involved did not sufficiently corroborate the information provided by the informant, and consequently, the arrest and fruits obtained from searching Appellant should be suppressed. The trial court overruled the motion. The jury found Appellant guilty, and after a hearing on punishment, sentenced Appellant to imprisonment for life.

The trial court also assessed court costs in the amount of $659.00 in its written judgment. At that time, the bill of costs was not in the record. But at the State's request, the district clerk supplemented the record to include the bill of costs. The trial court also ordered that $140.00 be paid as restitution to the Department of Public Safety (DPS) to reimburse it for the lab fee for the analysis performed on the methamphetamine. This appeal followed.

## MOTION TO SUPPRESS

In his first issue, Appellant argues that the trial court abused its discretion when it denied his motion to suppress evidence. Specifically, Appellant contends that the detectives' reliance on the untested informant did not provide sufficient credibility or reliability to justify his detention and subsequent arrest.

**Standard of Review**

A trial court's ruling on a motion to suppress is reviewed for abuse of discretion. *Crain v. State,* 315 S.W.3d 43, 48 (Tex. Crim. App. 2010). The trial court is given almost complete deference in its determination of historical facts and to its rulings on the application of the law to questions of fact and to mixed questions of law and fact, if resolution of those questions depends on an evaluation of credibility and demeanor. *Id.* However, for mixed questions of law and fact that do not fall within that category, a reviewing court may conduct a de novo review. *Id.*

When the trial court does not make express findings of fact, the appellate court must view the evidence in the light most favorable to the trial court's ruling, assuming that it made any

2

implicit findings of fact that are supported by the record. ***Id.*** The reviewing court must sustain the trial court's ruling if the decision is correct under any applicable legal theory. ***Id.*** We review de novo whether the totality of the circumstances is sufficient to support an officer's reasonable suspicion of criminal activity. ***Id.*** at 48–49.

**Applicable Law**

Probable cause for a warrantless arrest exists if, at the moment the arrest is made, the facts and circumstances within the arresting officer's knowledge and of which he had reasonably trustworthy information are sufficient to warrant a prudent man in believing that the person arrested had committed or was committing an offense. ***Amador v. State****,* 275 S.W.3d 872, 878 (Tex. Crim. App. 2009). The test for probable cause is an objective one, unrelated to the subjective beliefs of the arresting officer, and it requires consideration of the totality of the circumstances facing the arresting officer. ***Id.*** "[I]f an officer has reasonably trustworthy information, which, when coupled with the officer's personal observations, establishes probable cause to believe that an offense is being or has been committed, the warrant exception will apply." ***Akins v. State****,* 202 S.W.3d 879, 889 (Tex. App.—Fort Worth 2006, pet. ref'd).

A tip from an informant, in appropriate cases, can provide a basis for probable cause for a warrantless arrest. *See* ***State v. Duarte****,* 389 S.W.3d 349, 356 (Tex. Crim. App. 2012); ***Eisenhauer v. State****,* 678 S.W.2d 947, 955 (Tex. Crim. App. 1984). A "citizen-informer" is presumed to speak with the voice of honesty and accuracy. ***Duarte****,* 389 S.W.3d at 356. "The criminal snitch who is making a *quid pro quo* trade does not enjoy any such presumption; his motive is entirely self-serving." ***Id.*** "[T]ips from anonymous or first-time confidential informants of unknown reliability must be coupled with facts from which an inference may be drawn that the informant is credible or that his information is reliable." ***Id.*** at 358. Such an inference may be drawn if the tip is (1) corroborated; (2) a statement against the informant's penal interest; (3) consistent with information provided by other informants; (4) a detailed first-hand observation; (5) an accurate prediction of the subject's future behavior; or (6) the facts provide a substantial basis for crediting the hearsay in the tip. ***Id.*** at 356-57.

While a defendant's mere presence at the scene of the crime is insufficient to link the defendant to the commission of the crime, a defendant's presence, coupled with other suspicious circumstances, can be sufficient to tend to connect a defendant to the commission of the crime. ***Malone v. State****,* 253 S.W.3d 253, 257 (Tex. Crim. App. 2008). Moreover, police observations

3

can sufficiently connect the defendant with the offense. *See id.* at 258–59 (holding that officer's enlistment of informants, following informants to location of drug deal, watching informants interact with defendant, and then seizing drugs from informants that they did not have before was sufficient evidence to corroborate tip).

**Discussion**

Appellant contends the State failed to demonstrate that probable cause existed for his warrantless arrest based upon the untested confidential informant's assistance. Appellant argues that the detectives and deputies saw only that the informant gave the signal that a narcotics transaction occurred by lowering the hood on his jacket, and that it was not known by the officers involved that a drug transaction took place until after they made the arrest. Since this was a first time-informant, Appellant contends that the detectives should have confirmed that the informant obtained narcotics before they arrested Appellant.

In *Duarte*, a case relied on by Appellant, in exchange for possible leniency on his pending criminal charges, a first-time informant told police that he had seen cocaine within the past twenty-four hours at Duarte's address, and the police merely confirmed Duarte's address before applying for the warrant, without any additional verifying information. *See Duarte*, 389 S.W.3d at 359-60. The court of criminal appeals held that those circumstances did not provide sufficient reliability to the officers making the arrest. *See id.*

The detectives and deputies knew much more in the instant case than the officers in *Duarte*. The detectives independently conducted surveillance on the home for suspicion of drugs. Their surveillance led to the observation that the informant and Appellant engaged in activity consistent with a narcotics transaction. The detectives followed the vehicle, detained the driver for a traffic violation, and discovered drugs. The informant, in hopes of leniency, agreed to cooperate with the police.

That same day, while in the presence of the detectives, the informant called Appellant and arranged to meet him at a particular gas station to consummate the transaction. The detectives searched the informant and the vehicle in which he would make the purchase to insure that he possessed no narcotics and provided him with official county funds to consummate the purchase. The detectives and the informant agreed that the informant would lower the hood of his jacket as a signal to demonstrate that he completed the transaction with Appellant. As the informant and Appellant had agreed on the phone, Appellant arrived at the gas station. The

4

informant was wired for video and sound. The detectives could hear the audio, but could not see the video as the transaction transpired. However, the detectives and deputies were independently observing the transaction as it took place. Although they did not actually see the drugs in the informant's hands, the informant gave the prearranged signal that the transaction was complete by lowering the hood of his jacket. The informant drove away, and two of the detectives met with the informant a few blocks away at a safe location and saw the drugs, but not before the deputies moved in and arrested Appellant.

Viewing all of the information known by the detectives and deputies involved in its totality, the trial court could have reasonably concluded that the information provided by this informant was "coupled with facts from which an inference may be drawn that the informant is credible or that his information is reliable," especially considering that the officers were present to observe the transaction. *See id.* at 358. Consequently, the trial court did not abuse its discretion in concluding that the detectives and deputies had probable cause to make the warrantless arrest and overrule Appellant's motion to suppress.

Appellant's first issue is overruled.

## COURT COSTS

In his second issue, Appellant argues that the court costs assessed in this case are not supported by a bill of costs[1] and asks this court to modify the judgment and impose those costs that are supported by the record.[2]

We measure the sufficiency of the evidence supporting an order of court costs by reviewing the record in the light most favorable to the award. *Mayer v. State*, 309 S.W.3d 552,

---

[1] In his brief, Appellant argues that his due process rights were violated because the imposition of court costs contained in the withdrawal order attached to the judgment was issued without informing him of the statutory basis of the withdrawal. He contends that, because the bill of costs was not included in the record, he has no way to determine, or challenge, whether the costs were correctly assessed. The bill of costs is now included in the record. Appellant has not been deprived of the opportunity to file a supplemental or reply brief to challenge whether the costs in the withholding order were correctly assessed. We have received no such brief.

[2] The State contends that Appellant's argument must fail because he did not preserve his complaint by making a contemporaneous objection to the court costs in the trial court. We disagree. *See Cardenas v. State*, No. 01–11–01123–CR, 2013 WL 1164365, at *5 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, pet. granted) (not yet released for publication) ("contemporary objection in the trial court is not required" to challenge assessment of costs) (citing *Mayer v. State*, 309 S.W.3d 552, 555 (Tex. Crim. App. 2010). The State also argues that Appellant should not be allowed to benefit from an incomplete record when he fails to request that a bill of costs be included in the record on appeal. We need not address this argument because the record has been supplemented with a bill of costs. *See* TEX. R. APP. P. 47.1.

557 (Tex. Crim. App. 2010). Requiring a convicted defendant to pay court costs does not alter the range of punishment, is authorized by statute, and is generally not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006); ***Armstrong v. State****,* 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). Attorney's fees, however, may not be assessed against a defendant who has been found to be indigent "unless a material change in [his] financial circumstances occurs." *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2012). A finding of a change of circumstances is a necessary prerequisite to the imposition of attorney's fees, and the evidence will be insufficient to support such an order in the absence of that finding. *See id.* arts. 26.04(p), 26.05(g) (West Supp. 2012); ***Mayer****,* 309 S.W.3d at 553; ***Wolfe v. State****,* 377 S.W.3d 141, 144, 146 (Tex. App.—Amarillo 2012, no pet.).

We have reviewed the bill of costs and the record in this case. Appellant was determined to be indigent, and there is no finding in the record that he was able to pay attorney's fees. The court costs of $359.00 are supported by the record with the exception, as the State concedes, of an award of $300.00 as "attorney fees."

Accordingly, we sustain Appellant's second issue in part.

## RESTITUTION

In his third issue, Appellant challenges the imposition of a $140.00 DPS lab fee as restitution.

First, Appellant argues that the trial court erred in entering an order of reimbursement of $140.00 to the DPS as a drug lab fee when it lacked the statutory authority to do so. Since Appellant did not attempt to raise this issue in a postjudgment motion, he has waived the issue. *See **Johnson v. State***, 365 S.W.3d 484, 491 (Tex. App.—Tyler 2012, no pet.) (holding appellant waived challenge to reimbursement of $140.00 DPS lab fee as restitution on same issue presented in instant case).

Alternatively, Appellant contends that there is insufficient evidence to support the amount of $140.00. He points out that the trial court inserted the $140.00 amount in its written judgment after simply stating in its oral pronouncement of sentence that "[r]estitution is ordered to DPS as determined to be due," and "[r]estitution is ordered to the [DPS] for the lab fee analysis." In other words, Appellant asserts that the trial court erred in entering the reimbursement order because there was no evidence before the court that the DPS had incurred

6

the amount ordered to be reimbursed. The State cites to no evidence of record to support the amount of reimbursement ordered, but instead, argues that because Appellant lodged no objection to the trial court's reimbursement order, he cannot now complain of the assessment. We have previously held that this type of complaint may be brought for the first time on appeal because it is a challenge to the sufficiency of the evidence. *See id.* at 491-92. Moreover, we have reviewed the record for evidence to support payment of a drug lab fee to DPS in the amount of $140.00 and have found no such evidence. Accordingly, we hold that because the trial court's reimbursement order lacks evidentiary support, it is improper and should be deleted. *See id.* at 492.

Appellant's third issue is sustained in part.

## DISPOSITION

We have overruled Appellant's first issue. We have also sustained Appellant's second and third issues in part. Accordingly, we ***modify*** the trial court's judgment of conviction to reflect that the amount of court costs is $359.00, delete the $140.00 reimbursement fee payable to the DPS as restitution, and ***affirm*** as modified. *See* TEX. R. APP. P. 43.2(b).

**BRIAN HOYLE**
Justice

Opinion delivered September 11, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 11, 2013**

**NO. 12-12-00344-CR**

**RICHARD TORRES RAMIREZ,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-0580-12)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of this Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that the amount of court costs is $359.00, delete the $140.00 reimbursement fee payable to the DPS as restitution; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*