

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00607-CR

Christopher Gonzales **GOMEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 14, Bexar County, Texas
Trial Court No. 362433
Honorable Bill C. White, Judge Presiding[1]

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Karen Angelini, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  June 11, 2014

AFFIRMED

Christopher Gomez appeals from his conviction for driving while intoxicated, contending

that the trial court wrongly denied his motion to suppress evidence arising from the traffic stop

that led to his arrest. Gomez argues that the traffic stop was not supported by reasonable suspicion

that he committed a traffic violation. Because we hold the arresting officer testified to "specific,

---

[1] The Honorable Bill C. White, presiding judge of County Court at Law No. 14, Bexar County, Texas, presided over Gomez's plea of nolo contendere and imposed punishment. The Honorable Timothy Johnson, sitting by assignment, heard and denied Gomez's motion to suppress.

articulable facts" that would lead a reasonable person to believe Gomez had committed a traffic violation, we affirm.

The arresting officer testified that he was at the intersection of Loop 1604 and Potranco Road, San Antonio, Texas, on May 21, 2011, when he was flagged down by another driver who informed him that a silver Ford Mustang had almost struck his vehicle several times. The officer turned onto Potranco Road and saw a silver Ford Mustang being driven by Gomez. The officer observed that Gomez failed to drive in a single lane. He testified that he saw Gomez drive twice over the fog line on the right side of the road and once over the double-yellow line dividing opposing lanes of traffic. Gomez concedes that that he failed to maintain a single lane as described by the officer. After observing these instances of Gomez's failure to maintain a single lane, the officer turned on his lights and initiated a stop.

Gomez contends that the arresting officers did not have reasonable suspicion to believe that he committed a traffic offense under section 545.060 of the Texas Transportation Code. *See* TEX. TRANSP. CODE ANN. § 545.060 (West 2011). Section 545.060 provides "[a]n operator on a roadway divided into two or more clearly marked lanes for traffic: (1) shall drive as nearly as practical entirely within a single lane; and (2) may not move from the lane unless that movement can be made safely." *Id.* § 545.060(a). Gomez argues that the officer's stop was not supported by reasonable suspicion because the officer did not testify to specific, articulable facts showing that he could not safely cross over the double-yellow line or the fog line.

The State responds, and we agree, that the officer had reasonable suspicion to believe that Gomez violated a different section of the Transportation Code—section 545.051. *See id.* § 545.051 (West 2011). That section provides "[a]n operator on a roadway of sufficient width shall drive on the right half of the roadway" absent circumstances that did not exist in this case. Crossing over the double-yellow line dividing opposing lanes of traffic is a violation of section 545.051 and

provides an officer reasonable suspicion to support a traffic stop. *See Johnson v. State*, 365 S.W.3d 484, 489 (Tex. App.—Tyler 2012, no pet.); *Bracken v. State*, 282 S.W.3d 94, 98 (Tex. App.—Fort Worth 2009, pet. ref'd); *Griffin v. State*, 54 S.W.3d 820, 823 (Tex. App.—Texarkana 2001, pet. ref'd); *Tex. Dep't of Public Safety v. Chang*, 994 S.W.2d 875, 877–78 (Tex. App.—Austin 1999, no pet.).

"It is well settled that a traffic violation committed in an officer's presence authorizes an initial stop." *Armitage v. State*, 637 S.W.2d 936, 939 (Tex. Crim. App. 1982); *see also Whren v. United States*, 517 U.S. 806, 810 (1996) ("As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred."). Such a stop must be supported by specific, articulable facts that would lead a reasonable person to believe the driver has committed a traffic violation. *See Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). The officer's testimony that Gomez crossed over the double yellow line is a specific, articulable fact that would lead a reasonable person to believe Gomez violated section 545.051 of the Transportation Code. *See Johnson*, 365 S.W.3d at 489; *Bracken*, 282 S.W.3d at 98; *Griffin*, 54 S.W.3d at 823; *Chang*, 994 S.W.2d at 877–78. Because the officer's traffic stop of Gomez was supported by reasonable suspicion that Gomez committed a traffic violation, we overrule Gomez's sole point of error and affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

Do Not Publish