**AFFIRMED; Opinion Filed June 26, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00242-CR

### SERGIO MANUEL NAVA, JR., Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law**
**Rockwall County, Texas**
**Trial Court Cause No. CR12-1388**

# MEMORANDUM OPINION

Before Chief Justice Wright, Justice Myers, and Justice Evans
Opinion by Justice Myers

Appellant Sergio Manuel Nava, Jr. appeals the trial court's denial of his pretrial motion to suppress. In one issue, he argues the trial court erred by denying the motion to suppress because there was no reasonable suspicion he committed any offense and the totality of the circumstances does not support reasonable suspicion or probable cause. We affirm.

### BACKGROUND AND PROCEDURAL HISTORY

On August 14, 2012, Deputy Chris Mitchell of the Rockwall County Sheriff's Department saw a vehicle traveling eastbound on the south service road of Interstate 30. It was traveling at 30 miles an hour in a 60 miles per hour zone. Deputy Mitchell used an in-car radar to determine the vehicle's speed. The vehicle was first located at approximately mile marker 73, just east of the 551 entrance ramp in Rockwall County, Texas. Deputy Mitchell was traveling westbound and the vehicle was traveling eastbound.

When the vehicle passed Deputy Mitchell, he looked into his side rearview mirror and the vehicle appeared to "swerve" onto the unimproved shoulder of the road.[1]  At that point, the deputy stopped his police cruiser, made a U-turn, and attempted to catch up to the vehicle.  As Deputy Mitchell approached, he saw the vehicle cross over the solid center line into the oncoming lane and then return to its "proper lane."  The deputy also observed the vehicle "swerving within its lane touching the center stripe a couple more times after that."  He initiated a traffic stop of the vehicle by turning on his overhead red and blue lights.  Deputy Mitchell made the traffic stop at approximately mile marker 74 in Rockwall County.

The State ultimately charged appellant with the misdemeanor offense of driving while intoxicated.  A DVD containing video from Deputy Mitchell's in-car video camera was admitted at trial.  When the video begins at 02:52:00 a.m., the image is partially obscured by lines of static-type interference for several seconds.  After that, the video shows the vehicle driving along the center yellow line and swerving slightly just inside the right lane.  The vehicle's two left tires touch the yellow line numerous times and go over it several times, but the vehicle never crosses it entirely.  At 02:52:29 a.m., the deputy turns on his overhead lights and initiates the stop of appellant's vehicle.

After the trial court signed its order denying the motion to suppress, appellant entered a negotiated plea of guilty.  The trial court sentenced appellant to 365 days in the Rockwall County Jail, but the sentence was suspended and appellant was placed on community supervision for fifteen months and ordered to pay a fine of $800, along with court costs.  The trial court issued the following findings of fact:

> 1. Deputy Chris Mitchell of the Rockwall County Sheriff's Office observed a vehicle traveling at 30 miles per hour in a 60 miles per hour zone and swerve within it's [sic] lane.

---

[1] Deputy Mitchell testified that he did not include this fact in his report.

2. Deputy Mitchell also observed the vehicle drive on an unimproved shoulder, and cross over the solid center-line into the oncoming lane. These two driving infractions happened near mile marker 73 of the Interstate 30 south service road.

3. Based upon observations of defendant's driving, Deputy Mitchell became suspicious that defendant might be driving while intoxicated.

4. Deputy Mitchell's observations occurred while defendant was operating his motor vehicle in the County of Rockwall, State of Texas.

5. Deputy Mitchell initiated the traffic stop in the County of Rockwall.

6. Deputy Mitchell positively identified the driver as the defendant, Sergio Manuel Nava, Jr.

The court's conclusions of law were as follows:

[1.] Deputy Mitchell articulated probable cause that defendant drove on an unimproved shoulder, and crossed over the solid center-line into the oncoming lane.

[2.] Driving on an unimproved shoulder, and crossing the solid center-line into the oncoming lane is a traffic violation under section 545.051 of the Texas Transportation Code.

[3.] The vehicle was seized pursuant to a legal traffic stop.

[4.] Deputy Mitchell articulated a reasonable belief that defendant was operating his vehicle while intoxicated.

## DISCUSSION

In his issue, appellant argues that the trial court erred by denying the motion to suppress because (1) there was no reasonable suspicion appellant committed any crime or driving violation and (2) the totality of the circumstances did not support reasonable suspicion or probable cause that appellant committed an offense justifying the stop.

We review a trial court's ruling on a motion to suppress for an abuse of discretion, and will overturn the trial court's ruling only if it is outside the zone of reasonable disagreement. *Johnson v. State*, 414 S.W.3d 184, 192 (Tex. Crim. App. 2013); *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011). We apply a bifurcated standard of review, giving almost complete deference to the trial court's determination of historical facts and mixed questions of

law and fact that rely upon an assessment of the credibility and demeanor of a witness, but applying a de novo standard of review to pure questions of law and mixed questions that do not depend on credibility determinations. *Arguellez v. State*, 409 S.W.3d 657, 662 (Tex. Crim. App. 2013); *Martinez*, 348 S.W.3d at 923.

The trial court is the sole trier of fact and the judge of the credibility of the witnesses and the weight to be given to their testimony. *Garza v. State*, 213 S.W.3d 338, 346 (Tex. Crim. App. 2007). The court may choose to believe or disbelieve any or all of a witness's testimony, even if the testimony is uncontroverted, because the court had the opportunity to observe the witness's demeanor and appearance. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). If, as in this case, the trial court issues express findings of fact, we review the evidence in the light most favorable to the trial court's ruling and determine whether the evidence supports the factual findings. *Id.* We review the trial court's application of the law of search and seizure to the facts de novo. *Id.* We will sustain the trial court's ruling if it is reasonably supported by the record and correct under any theory of law applicable to the case. *Id.*

A "stop" by a law enforcement officer "amounts to a sufficient intrusion on an individual's privacy to implicate the Fourth Amendment's protections." *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000). However, a law enforcement officer may stop and briefly detain a person suspected of criminal activity on less information than is constitutionally required for probable cause to arrest. *Terry v. Ohio*, 392 U.S. 1, 21 (1968); *Carmouche*, 10 S.W.3d at 328. In order to stop or briefly detain an individual, an officer must have "reasonable suspicion" that an individual is violating the law. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Reasonable suspicion exists when the officer has some minimal level of objective justification for making the stop, i.e., when the officer can "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably

warrant [the] intrusion." *Terry*, 392 U.S. at 21; *see also Alabama v. White*, 496 U.S. 325, 329–30 (1990). In making a reasonable suspicion determination, we disregard the subjective intent or motive of the officer making the stop and consider solely, under the totality of the circumstances, whether there was an objective basis for the stop. *Ford*, 158 S.W.3d at 492–93. An officer may lawfully stop and reasonably detain a person for a traffic violation. *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992); *see also Walter v. State*, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000); *Johnson v. State*, 365 S.W.3d 484, 488–89 (Tex. App.—Tyler 2012, no pet.); *Holmquist v. State*, No. 05–13–01388–CR, 2015 WL 500809, at *4 (Tex. App.—Feb. 5, 2015, pet. filed) (not designated for publication).

In this case, appellant challenges the trial court's finding that Deputy Mitchell observed a vehicle traveling at 30 miles per hour in a 60 miles per hour zone. Appellant points out that Deputy Mitchell admitted on cross-examination that he was not saying appellant's speed impeded the normal and reasonable movement of any traffic or that appellant was driving at an unsafe speed. In *Delafuente*, the Texas Court of Criminal Appeals noted that "[d]riving at a speed that is less than the posted limit is not, by itself, sufficient for reasonable suspicion; a violation occurs only when the normal and reasonable movement of traffic is impeded." *Delafuente v. State*, 414 S.W.3d 173, 178 (Tex. Crim. App. 2013) (citing *Tex. Dept. Pub. Safety v. Gonzales*, 276 S.W.3d 88, 93 (Tex. App.—San Antonio 2008, no pet.)). Appellant therefore argues that his "speed was not a violation of the Texas Transportation Code and his speed was not the basis for reasonable suspicion for the stop."

However, appellant's speed was not the only observation that was cited in support of reasonable suspicion. The trial court also found that appellant's vehicle swerved within its lane. Appellant likewise challenges this finding, arguing that "[s]werving within its lane, unless it is done unsafely, is not a violation of Texas Transportation Code § 545.060." Section 545.060

provides that an operator on a roadway divided into two or more clearly marked lanes for traffic shall drive as nearly as practical entirely within a single lane and may not move from the lane unless that movement can be made safely. *See* TEX. TRANSP. CODE ANN. § 545.060. But, section 545.060 was not the stated basis for the trial court's ruling. The court's second finding of fact states that the deputy also observed appellant's vehicle driving on an unimproved shoulder and crossing over the solid center line into the oncoming lane. It concluded that "[d]riving on an unimproved shoulder, and crossing the solid center-line into the oncoming lane is a traffic violation under section 545.051 of the Texas Transportation Code." Section 545.051 provides that a motorist must drive on the right-hand side of the road absent circumstances that are not at issue here: the motorist is passing another vehicle, an obstruction necessitates moving to the left of the center of the road, the motorist is on a road divided into three marked lanes, or the motorist is on a roadway restricted to one-way traffic. *See id.* § 545.051(a). If none of these circumstances exists, then a single instance of crossing into the oncoming-traffic lane on a two-lane road is a violation of the statute. *See Bracken v. State*, 282 S.W.3d 94, 98 (Tex. App.—Fort Worth 2009, pet. ref'd); *Rubeck v. State*, 61 S.W.3d 741, 745 (Tex. App.—Fort Worth 2001, no pet.) (op. on reh'g); *Crawford v. Texas Dept. of Public Safet*y, No. 03–10–00070–CR, 2011 WL 2437687, at *3 (Tex. App.—June 16, 2011, no pet.) (mem. op., not designated for publication). A violation of the statute creates reasonable suspicion justifying the stop. *See Bracken*, 282 S.W.3d at 98; *Crawford*, 2011 WL 2437687, at *3. Furthermore, unlike a violation of section 545.060, a violation of section 545.051 does not require an unsafe maneuver. *Compare* TEX. TRANSP. CODE ANN. § 545.060(a) *with* TEX. TRANSP. CODE ANN. § 545.051(a); *see also Johnson*, 365 S.W.3d at 489; *Crawford*, 2011 WL 2437687, at *3.

Appellant also challenges the trial court's second finding of fact, noting that Deputy Mitchell testified that the vehicle "appeared to swerve" once onto the unimproved shoulder of

the roadway after passing the deputy as he looked into his side-view mirror, and that he could not say how much of the car actually swerved onto the unimproved shoulder of the roadway or for how long it did so. Appellant argues that he drove on the right side of the road and that the video recording from the deputy's in-car camera did not show him driving in the oncoming lane of traffic. According to the record, however, Deputy Mitchell testified that, as he approached the vehicle, he saw it cross over the center line into the oncoming lane of traffic and return to the "proper lane." His testimony was as follows:

Q. Did you continue to observe the driving of the vehicle?

A. Yes, ma'am.

Q. What else did you observe?

A. As I approached the vehicle, I observed the vehicle cross over the center—solid center line into the oncoming lane and then—and then return back to the proper lane.

Q. Did you observe anything else?

A. Other than that, I observed the vehicle swerving within its lane touching the center stripe a couple more times after that.

Deputy Mitchell also testified:

Q. What about crossing the double center lines? Why did that draw your attention to the vehicle?

A. Because that's a violation of Texas traffic law.

Q. And the weaving within the lane?

A. Once again, that's—in conjunction with other indicators, that can be an indicator of intox—of intoxication.

Q. And I think you also mentioned hitting the center line but not crossing it?

A. Correct, yes. While—when the vehicle was swerving, it was touching the yellow—the center yellow line.

Q. And why was that important to you?

A. It just showed that it could be an indicator of possible driving while intoxicated.

Q. Why did you pull the defendant over?

A. Due to reasonable suspicions of the vehicle speed, the swerving within its lane, and then the traffic violations of driving on an unimproved shoulder and crossing the center line.

An officer may legally initiate a traffic stop if he has a reasonable basis for suspecting that a person has committed a traffic offense. *See Johnson*, 365 S.W.3d at 488–89. Deputy Mitchell's testimony that he saw appellant's vehicle cross over the solid center line into the oncoming lane of traffic, and then return to the "proper lane," was sufficient to create a reasonable suspicion that a traffic violation was in progress. *See* TEX. TRANSP. CODE ANN. § 545.051(a); *Rubeck*, 61 S.W.3d at 745 (officer's observation of defendant's vehicle crossing center line one time provided reasonable suspicion for traffic stop based on section 545.051(a)); *Emmers v. State*, No. 06–11–00034–CR, 2011 WL 2518869, at *4 (Tex. App.—Texarkana June 23, 2011, pet. ref'd) (mem. op., not designated for publication) (concluding that officer had reasonable suspicion that traffic violation was committed by virtue of fact that defendant failed to remain in the right half of the roadway, in violation of section 545.051(a)). Accordingly, the trial court could have reasonably concluded that Deputy Mitchell had reasonable suspicion to stop appellant for failing to drive on the right-hand side of the road. *See* TEX. TRANSP. CODE ANN. § 545.051(a).

Additionally, even if Deputy Mitchell did not have reasonable suspicion to stop appellant based on a violation of section 545.051, he had reasonable suspicion to stop appellant for DWI. Whether an officer has reasonable suspicion to stop a motorist for DWI depends on the totality of the circumstances. *Curtis v. State*, 238 S.W.3d 376, 380 (Tex. Crim. App. 2007). A stop for DWI is justified when the officer has specific articulable facts that, taken together with rational inferences from those facts, lead him to conclude that a motorist is driving under the influence. *See id*. at 380–81. A court may find reasonable suspicion even though "each fact in isolation may be insufficient." *State v. Kerwick*, 393 S.W.3d 270, 275 (Tex. Crim. App. 2013). Given

Deputy Mitchell's observations regarding the speed of the vehicle, swerving within its lane, and the fact that it crossed over the solid center line into the oncoming lane of traffic before returning to its "proper lane," the trial court could have reasonably concluded, based on the totality of the circumstances, that the deputy had reasonable suspicion to stop appellant for DWI. Therefore, the trial court did not err by denying appellant's motion to suppress. We overrule appellant's issue.

We affirm the trial court's judgment.

/ Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140242F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SERGIO MANUEL NAVA, JR., Appellant

No. 05-14-00242-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law, Rockwall County, Texas
Trial Court Cause No. CR12-1388.
Opinion delivered by Justice Myers. Chief Justice Wright and Justice Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 26th day of June, 2015.