COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| ALBERTO GARCIA, | § | No. 08-13-00178-CR |
| Appellant, | § | Appeal from the |
| v. | § | County Criminal Court at Law #3 |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20100C10799) |
| | § | |

## **O P I N I O N**

Alberto Garcia, Appellant, appeals his conviction of Driving While Intoxicated. Garcia filed a pretrial motion to suppress on the basis, among others, that the officer stopped him "without any reasonable suspicion that he was engaged in criminal activity." Appellant contends that the officer's stop after observing his vehicle pass "in a no-passing zone on a curve" with double yellow lines and "following too closely" is conclusory opinion and does not delineate specific, articulable facts to support the trial court's order denying the motion to suppress. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On June 4, 2010, Trooper Morgan Conn observed Appellant driving a white truck at about 10:30 p.m. As she observed Appellant's vehicle, he proceeded to pass "in a no-passing

zone on a curve where there is [sic] double yellow lines and he was also following too closely." Trooper Conn testified that crossing the double yellow lines and following too closely are traffic law violations of the State of Texas. After the trooper stopped Appellant, she observed that he exhibited various signs of intoxication and arrested him for driving while intoxicated.

The trial court denied the motion to suppress. The trial court entered the following relevant findings of fact and conclusions of law:

> 2. Trooper Conn testified that she stopped the white truck because she observed it passing in a no-pass zone on a curve where there are double yellow lines;
>
> 3. And, also because "he [the defendant] was following too closely";
>
> .     .     .
>
> 11. There was no cross-examination by the defendant and the Trooper's testimony was uncontroverted.

## DISCUSSION

The facts are not disputed. The Appellant's sole point of error is whether *Ford v. State* supports the trial court's ruling because Appellant contends the Trooper's justification for the stop was not a "specific, articulated reason or [use of an] objective standard." *Ford v. State,* 158 S.W.3d 488 (Tex.Crim.App. 2005). Under *Ford*, Appellant argues that a stop based only upon an officer's testimony that an individual is "following another 'car too closely' is 'without specific, articulable facts'" and are mere opinions that cannot support a finding of reasonable suspicion.

The State counters that Appellant committed a traffic violation when Trooper Conn "observed Garcia 'passing in a no-passing zone on a curve where there [was] double yellow lines.'" According to the State, the Trooper gave specific, articulable facts for the stop and "passing in a no-passing zone is an objective-fact offense" that supported the trial court's finding

2

that the traffic stop was valid.

## Standard of Review

When reviewing a motion to suppress, we apply a bifurcated standard of review. *See Crain v. State,* 315 S.W.3d 43, 48 (Tex.Crim.App. 2010); *State v. Terrazas*, 406 S.W.3d 689, 692 (Tex.App.--El Paso 2013, no pet.). We afford almost total deference to the trial court's findings of historical fact that are supported by the record, and to mixed questions of law and fact that turn on an assessment of a witnesses' credibility or demeanor. *Valtierra v. State,* 310 S.W.3d 442, 447 (Tex.Crim.App. 2010); *Amador v. State,* 221 S.W.3d 666, 673 (Tex.Crim.App. 2007); *Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). The trial court's determination of legal questions and its application of the law to facts that do not turn upon a determination of witness credibility and demeanor are reviewed *de novo. See Valtierra*, 310 S.W.3d at 447; *Amador*, 221 S.W.3d at 673; *Kothe v. State,* 152 S.W.3d 54, 62-63 (Tex.Crim.App. 2004); *Guzman,* 955 S.W.2d at 89.

When, as here, the trial judge makes express findings of fact, we must first determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those findings. *Valtierra,* 310 S.W.3d at 447; *State v. Kelly,* 204 S.W.3d 808, 818 (Tex.Crim.App. 2006). We review a trial court's legal ruling *de novo. State v. Iduarte,* 268 S.W.3d 544, 548-49 (Tex.Crim.App. 2008). Furthermore, we must uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case. *State v. White,* 306 S.W.3d 753, 757 n.10 (Tex.Crim.App. 2010). "This principal holds true even when the trial judge gives the wrong reason for his decision, and is especially true with regard to admission of evidence." *State v. Esparza*, 353 S.W.3d 276, 282 (Tex.App.--El Paso 2011, pet. granted), *aff'd State v. Esparza,* 413 S.W.3d 81 (Tex.Crim.App. 2013), *quoting Romero v. State,*

800 S.W.2d 539, 543 (Tex.Crim.App. 1990). "The evident purpose of this rule is to ensure that a trial court ruling will be upheld if the appellate court has assurance that the ruling was just and lawful." *Esparza,* 353 S.W.3d at 282, *quoting White,* 306 S.W.3d at 757 n.10.

## Stop for Traffic Violation

A "stop" by a law enforcement officer "amounts to a sufficient intrusion on an individual's privacy to implicate the Fourth Amendment's protections." *Carmouche v. State,* 10 S.W.3d 323, 328 (Tex.Crim.App. 2000). Further, a law enforcement officer may stop and briefly detain a person suspected of criminal activity on less information than is constitutionally required for probable cause to arrest. *Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968); *Carmouche,* 10 S.W.3d at 328. An officer, in order to stop or briefly detain an individual, must have "reasonable suspicion" that an individual is violating the law. *Ford v. State,* 158 S.W.3d 488, 492 (Tex.Crim.App. 2005). Reasonable suspicion exists when the officer has some minimal level of objective justification for making the stop, i.e., when the officer can "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion." *Terry,* 392 U.S. at 21, 88 S.Ct. at 1880; *see also Alabama v. White,* 496 U.S. 325, 329-30, 110 S.Ct. 2412, 2415-16, 110 L.Ed.2d 301 (1990). In determining whether reasonable suspicion exists, we disregard the subjective intent or motive of the officer making the stop and consider solely, under the totality of the circumstances, whether there was an objective basis for the stop. *Ford,* 158 S.W.3d at 492–93. An officer may lawfully stop and reasonably detain a person for a traffic violation. *Garcia v. State,* 827 S.W.2d 937, 944 (Tex.Crim.App. 1992); *see also Walter v. State,* 28 S.W.3d 538, 542 (Tex.Crim.App. 2000); *Johnson v. State,* 365 S.W.3d 484, 488–89 (Tex.App.--Tyler 2012, no pet.); *Holmquist v. State,*

No. 05–13–01388–CR, 2015 WL 500809, at *4 (Tex.App.--Dallas Feb.5, 2015, pet. filed)(not designated for publication).

In this case, Trooper Conn testified that Appellant "was following too closely" and he was "passing in a no-pass zone on a curve" with "double yellow lines." Appellant is correct that *Ford* stands for the proposition that a police officer's mere conclusory opinion that a driver violated traffic law by "following too closely," and without more cannot support a finding of reasonable suspicion. *Ford*, 158 S.W.3d at 493-494. In *Ford*, the Court determined the State failed to elicit evidence to allow an officer to "objectively determine" whether an individual is violating a traffic law. *Id.* at 494.

Here, however, Trooper Conn unequivocally testified that she observed Appellant's vehicle "passing" in a no-passing zone. The State asserts the basis of Appellant's traffic violation is found in Section 545.055(b) of the Texas Transportation Code:

> An operator may not drive on the left side of the roadway in a no-passing zone or on the left side of any pavement stripping designed to mark a no-passing zone.

TEX.TRANSP.CODE ANN. § 545.055(b)(West 2013). The State also contends that *Ford's* holding was substantially limited by *Castro v. State. Castro v. State,* 227 S.W.3d 737 (Tex.Crim.App. 2007).

In *Castro,* the Court of Criminal Appeals found that the amount of specific and subjective detail that an officer must give to demonstrate that a traffic stop is reasonable depends on the nature of the offense. *See id.* at 742. When the determination of whether an offense has been committed requires an officer to make a subjective determination, then the officer must provide a detailed account of his observations to support that determination. *See id.* The *Castro* Court discussed in great detail their decision in *Ford v. State. Id.* at 742–43. Unlike *Ford*, the offense involved in *Castro* was one requiring the officer to make an objective determination. *See*

5

*Castro*, 227 S.W.3d at 742. There, the officer testified that the defendant's vehicle was stopped because the defendant failed to signal a lane change, which is a traffic offense. *Id.* at 739-40. In distinguishing *Ford,* the *Castro* Court explained that "in cases involving offenses such as failure to signal a lane change, a court can determine whether an officer's determination that a driver committed a traffic violation was objectively reasonable without being presented with a detailed account of the officer's observations." *Id.* at 742. In short, it explained that "[t]he determination of whether a driver signaled a lane change is a simple one." *Id.*

Turning to the case at hand, we find the traffic offense of passing in a no-passing zone is more similar to the offense of failure to signal a lane change in *Castro* as opposed to the offense of following too closely as in *Ford*. Like *Castro,* the determination of whether an individual has committed a traffic violation such as the one involved here is simple. We find that the trial court can decide whether an officer's determination that a driver committed a traffic violation by passing in a no-passing zone is objectively reasonable without being presented with a detailed account of the officer's observations. *Id.* at 742. The nature of passing in a no-passing zone does not require an officer to make a subjective determination. *Id.*

Finding no justiciable error before us, we overrule Appellant's sole issue.

## CONCLUSION

The trial court's order denying the suppression is affirmed.


July 31, 2015

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)