ACCEPTED
12-14-00176-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
8/27/2015 9:08:22 AM
CATHY LUSK
CLERK

CAUSE NO. 12-14-00176-CR

IN THE

THE 12th DISTRICT COURT OF APPEALS

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
8/27/2015 9:08:22 AM
CATHY S. LUSK
Clerk

FOR THE

STATE OF TEXAS

FILED

8/27/2015

Twelfth Court of Appeals
Pam Estes
Clerk

TRENT MUMPRHEY,

APPELLANT

V.

THE STATE OF TEXAS,

APPELLEE

**STATE'S REPLY TO APPELLANT'S BRIEF**

D. MATT BINGHAM
Criminal District Attorney
Smith County, Texas

MICHAEL J. WEST
Assistant Crimina1 District Attorney
Bar I.D. No. 21203300
Smith County Courthouse
100 N. Broadway
Tyler, Texas 75702
ph: (903) 590-1720
fax: (903) 590-1719
mwest@smith-county.com

**ORAL ARGUMENT NOT REQUESTED**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

REPLY TO APPELLANT'S POINTS OF ERROR . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

**COUNTERPOINT ONE: There was no error where the jury charge
did not instruct the jury that it must be unanimous on the question
of whether Appellant was guilty as the primary actor or a party to
the offense alleged by the indictment** . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

**COUNTERPOINT TWO: Appellant has not properly preserved his
second point by objecting at trial. Alternatively, the evidence was
admissible and Appellant cannot show that he was harmed** . . . . . . . . .  6

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

# INDEX OF AUTHORITIES

**STATUTE/RULES**                                                                     **PAGE**

**TEX. PENAL CODE ANN. (Vernon 2014)**

§ 2.01 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5
§ 7.01 (a & b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

**TEX. R. APP. PROC.**

Rule 33.1 (a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7
Rule 44.2 (b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

**TEX. R. EVID.**

Rule 405 (a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

**STATE CASES**                                                                       **PAGE**

*Almanza v. State*, 686 S.W.2d 157
(Tex.Crim.App. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3, 4

*Bundy v. State*, 280 S.W.3d 425
(Tex.App. - Fort Worth 2009, *pet. ref'd*) . . . . . . . . . . . . . . . . . . . . . . . . . .  6

*Campa v. State*, No. 05-07-01210-CR, 2009 Tex. App. LEXIS 5065
(Tex.App. - Dallas Jul. 2, 2009, *pet. ref'd*)
(not designated for publication) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

*Carrillo v. State,* 98 S.W.3d 789
(Tex.App. - Amarillo 2003*, pet. ref'd*) . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

*Ethington v. State*, 819 S.W.2d 854
(Tex.Crim.App. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

*Johnson v. State*, 365 S.W.3d 484
(Tex. App. - Tyler 2012, *no pet*.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7, 8

**STATE CASES (CONT)** **PAGE**

*King v. State*, 953 S.W.2d 266
(Tex.Crim.App. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Lagrone v. State*, 942 S.W.2d 602
(Tex.Crim.App. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Leza v. State*, 351 S.W.3d 344
(Tex.Crim.App. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Llamas v. State*, 12 S.W.3d 469
(Tex.Crim.App. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Martinez v. State*, 129 S.W.3d 101
(Tex.Crim.App. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Motilla v. State*, 78 S.W.3d 352
(Tex.Crim.App. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Morales v. State*, 32 S.W.3d 862
(Tex.Crim.App. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Neal v. State*, No. 08-07-00232-CR, 2010 Tex. App. LEXIS 195
(Tex.App. - El Paso Jan. 13, 2010, *pet. ref'd*)
(not designated for publication) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Ngo v. State*, 175 S.W.3d 738
(Tex.Crim.App. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Perez v. State*, No. 12-08-00390-CR, 2010 Tex. App. LEXIS 9867
(Tex.App. - Tyler Dec. 15, 2010, *no pet.*)
(not designated for publication) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Pizzo v. State*, 235 S.W.3d 711
(Tex.Crim.App. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**STATE CASES (CONT)**                                                    **PAGE**

*Sakil v. State*, 287 S.W.3d 23
(Tex.Crim.App. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

*Solomon v. State*, 49 S.W.3d 356
(Tex.Crim.App. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

*Wheeler v. State*, 67 S.W.3d 879
(Tex.Crim.App. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

*Williams v. State*, No. 03-05-00460-CR, 2008 Tex. App. LEXIS 2023
(Tex.App. - Austin Mar. 21, 2008, *no pet.*)
(not designated for publication) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

*Wilson v. State*, 71 S.W.3d 346
(Tex.Crim.App. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9, 10

*Yost v. State*, 222 S.W.3d 865
(Tex.App. - Houston [14th Dist.] 2007, *pet. ref'd*) . . . . . . . . . . . . . . . . . . .  6

*Young v. State*, 341 S.W.3d 417
(Tex.Crim.App. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

CAUSE NO. 12-14-00176-CR

IN THE

THE 12th DISTRICT COURT OF APPEALS

FOR THE

STATE OF TEXAS

TRENT MUMPRHEY,

APPELLANT

V.

THE STATE OF TEXAS,

APPELLEE

**STATE'S REPLY TO APPELLANT'S BRIEF**

**TO THE HONORABLE COURT OF APPEALS**:

Comes now the State of Texas, through the undersigned Assistant Criminal District Attorney, and respectfully urges this Court to overrule Appellant's alleged errors and affirm the judgment of the trial court in the above-numbered cause.

STATEMENT OF THE CASE

Appellant, Trent Mumphrey, was indicted in Cause No. 114-0005-13, in the 114th District Court of Smith County, Texas, with the offense of Aggravated Robbery.

1

(CR: 1). On April 1-4, 2014, the parties met in the trial court, Appellant with counsel, and a jury trial was held after Appellant entered a "Not Guilty" plea to the offense alleged by the indictment. (RR 4: 196). After hearing evidence and argument of counsel, the jury found Appellant guilty of the offense alleged by the indictment. (RR 9: 104). After evidence and argument of counsel, the same jury assessed a sentence of Life in confinement and no fine. (RR 10: 162).

Appellant gave timely notice of appeal, counsel was appointed, and a brief filed with the Court. The State's response brief will be timely filed if the Court grants the attached motion for an extension of time.

## STATEMENT OF FACTS

Appellant has stated the essential nature of the evidence presented at his trial. In the interest of judicial economy any other facts not mentioned herein that may be relevant to disposition of Appellant's points of error will be discussed in the State's arguments in response to the individual points.

## REPLY TO APPELLANT'S POINTS OF ERROR AND SUMMARY OF ARGUMENT

**COUNTERPOINT ONE: There was no error where the jury charge did not instruct the jury that it must be unanimous on the question of whether Appellant was guilty as the primary actor or a party to the offense alleged by the indictment.**

**A. Summary of Argument**

2

Appellant argues under his first point that the trial court erred in not instructing the jury that it must be unanimous in its verdict concerning whether Appellant committed the single offense charged by the indictment as a primary actor or as a party to that offense. (Appellant's brief at 2-7).

However, Appellant did not request such a charge from the trial court and also did not object to its absence from the jury instructions. (RR 8: 144-46; RR 9: 5-10). More importantly, the law clearly provides that the constitutional requirement of jury unaminity does not apply to the issue of whether an individual is guilty as a primary actor or as a party to the offense.

## B.      Standard of Review

The review of an alleged charging error involves a two step process. *Sakil v. State*, 287 S.W.3d 23, 25-26 (Tex.Crim.App. 2009). First, the Court must decide whether error occurred; then, if there was error, the Court must evaluate whether sufficient harm resulted from the error to require reversal. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex.Crim.App. 2005). If there was error and if the appellant objected to the error at trial, "reversal is required if the error is 'calculated to injure the rights of [the] defendant,'" meaning that "there must be some harm to the accused from the error." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1985). If, however, the appellant did not object to the error at trial, the error must be "fundamental," and

3

reversal is required "only if the error is so egregious and created such harm" that the defendant did not have a fair and impartial trial. *Id*.

## C. The law does not require jury unaminity on the issue of wehther a defendant was the primary actor or a party to the offense.

Appellant argues that the trial ocurt erred in failing to charge the jury that it must be unanimous in deciding whether he was guilty as the primary actor in this case or instead acted as a party to the offense. (Appellant's brief at at 2-7). Without a lengthy discussion regarding the facts of this case, it is suffice to say that the evidence showed that Appellant was positively identified as being one of four actors in the charged Aggravated Robbery and was further identified by the victim as being one of the two persons who carried a gun and who shot the victim. (RR 6: 115, 125, 133; RR 7: 105-23, 202-04; RR 8: 32). Given that Appellant was one of at least four suspects who carried out the charged offense, he could have been found guilty by the jury as the primary actor, or as a party to the offense. *See* TEX. PENAL CODE ANN. § 7.01 (a & b) (Vernon 2014).[1]

---

[1] Penal Code § 7.01 provides in part that:

(a) A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

(b) Each party to an offense may be charged with commission of the offense.

4

Regardless, both Article 5, section 13 of the Texas Constitution and Article 36.29 (a) of the Texas Code of Criminal Procedure require unanimous jury verdicts in all felony cases. *Leza v. State*, 351 S.W.3d 344, 356 (Tex.Crim.App. 2011) *citing* TEX. CONST. article V, § 13; TEX. CODE CRIM. PROC. 36.29(a). This requirement, however, applies to the elements of the offense. *See Leza*, 351 S.W.3d at 356 *quoting Pizzo v. State*, 235 S.W.3d 711, 714-15 (Tex.Crim.App. 2007); *see also* TEX. PENAL CODE ANN. § 2.01 (Vernon 2014) ("no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt.").

While a jury must unanimously agree about the occurrence of a single criminal offense, the law provides that it need not be unanimous about the specific manner and means of how that offense was committed. *Young v. State*, 341 S.W.3d 417, 422 (Tex.Crim.App. 2011). That is to say, the jury is not required under the law to agree on how the defendant committed the specific criminal act. *See id*. Accordingly, the requirement of jury unanimity is not violated when the jury is instructed disjunctively on alternate means or theories of committing the same offense, such as the theory of criminal responsibility. *Leza*, 351 S.W.3d at 357; *Martinez v. State*, 129 S.W.3d 101, 103 (Tex.Crim.App. 2004).

This Court has previously found no merit in the same argument raised by Appellant's first point of error. *Perez v. State*, No. 12-08-00390-CR, 2010 Tex. App.

5

LEXIS 9867, at *4-5 (Tex.App. - Tyler Dec. 15, 2010, *no pet.*) (not designated for publication).

As have several other appellate courts. *See Bundy v. State*, 280 S.W.3d 425, 431-33 (Tex.App. - Fort Worth 2009, *pet. ref'd*); *Yost v. State*, 222 S.W.3d 865, 877-78 (Tex.App. - Houston [14th Dist.] 2007, *pet. ref'd*); *see also Neal v. State*, No. 08-07-00232-CR, 2010 Tex. App. LEXIS 195, at *8-9 (Tex.App. - El Paso Jan. 13, 2010, *pet. ref'd*) (not designated for publication); *Campa v. State*, No. 05-07-01210-CR, 2009 Tex. App. LEXIS 5065, at *7 (Tex.App. - Dallas Jul. 2, 2009, *pet. ref'd*) (not designated for publication); *Williams v. State*, No. 03-05-00460-CR, 2008 Tex. App. LEXIS 2023, at *5 (Tex.App. - Austin Mar. 21, 2008, *no pet.*) (not designated for publication).[2]

For these reasons, Appellant has not shown any error in the trial court's failure to instruct the jury as alleged by his first Point of Error and it should be overruled.

**<u>COUNTERPOINT TWO</u>: Appellant has not properly preserved his second point by objecting at trial. Alternatively, the evidence was admissible and Appellant cannot show that he was harmed.**

**A.     Summary of Argument**

---

[2] The State proffers unpublished opinions to point out the reasoning of the courts therein when faced with very similar facts "rather than simply arguing without reference, that same reasoning." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex.App. - Amarillo 2003, *pet. ref'd*).

Appellant's second point argues that the trial court erred in "allowing the State to raise extraneous offenses . . . when the State had not proven the Appellant's commission of the offenses beyond a reasonable doubt." (Appellant's brief at 7-8).

There is no merit to this claim for at least two reasons. First, Appellant concedes that he did not object at trial on this basis when the evidence was offered. Consequently, the error, if any, has not been properly preserved. More importantly, the law permits admission of what may otherwise be inadmissible evidence to rebut testimony regarding the good character of the defendant. Finally, Appellant cannot show he was harmed by the mere mention of two prior arrests where the facts of the case and the other punishment evidence clearly supported the jury's verdict.

## B.    This Point has not been Properly Preserved

The law provides that "[e]xcept for complaints involving systemic or absolute requirements, or rights that are waivable only, all other complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with Texas Rule of Appellant Procedure 33.1 (a)." *Johnson v. State*, 365 S.W.3d 484, 491 (Tex. App. - Tyler 2012, *no pet.*); *Mendez v. State*, 138 S.W.3d 334, 342 (Tex.Crim.App. 2004); *see also* TEX. R. APP. PROC. ANN. Rule 33.1 (a)(1) (Vernon 2014). A defendant should object "as soon as the ground for objection becomes apparent." *Lagrone v. State*, 942 S.W.2d 602, 618 (Tex.Crim.App. 1997). A party must also

7

object each time allegedly inadmissible evidence is offered to preserve error. *Ethington v. State*, 819 S.W.2d 854, 858 (Tex.Crim.App. 1991).

Where the record shows that Appellant did not ever object to the evidence he complains of now on appeal, his alleged error has not been properly preserved and should be overruled. *Johnson*, 365 S.W.3d at 491.

**C.     The evidence was admisible to rebut testimony concerning Appellant's good character.**

If the Court should find this point properly preserved, the record shows that the complained-of evidence was presented in the following manner:

Q.     So you were in his life even all the way up until the time that he was revoked off that probation and went to prison?

A.     I've always been in his life, yes.

Q.     Okay. So were you in his life in 2005 when he was arrested for burglary of a vehicle?

A.     Yes.

Q.     Okay. And that's when he was a juvenile, right?

A.     Yes.

Q.     Okay. Were you in his life in 2000 - - later in 2005, when he was arrested for forgery?

A.     I've always been in his life.

(RR 10: 55).

These questions were asked by the State during cross-examination of Appellant's mother at the punishment phase. On direct examination, this same witness had previously testified that Appellant was not "normally a violent, bad person" and that he is "a really a good person." (RR 10: 52). Appellant's mother also told the jury that "Trent didn't do anything" when asked if he was normally a good person but had, in this case, "just [done] a bad, stupid thing." (RR 10: 53).

A witness who testifies to a defendant's good character may be cross-examined to test the witness's awareness of relevant specific instances of the defendant's conduct. TEX. R. EVID. 405(a); *Wilson v. State*, 71 S.W.3d 346, 350 (Tex.Crim.App. 2002).[3] Such questions can "demonstrate that the witness has a low standard for what he considers good character by inquiring into prior specific instances of conduct that are inconsistent with the particular character trait." *Wheeler v. State*, 67 S.W.3d 879, 886 n.16 (Tex.Crim.App. 2002).

Here, the complained-of evidence from the State was clearly intended to rebut the testimony of Appellant's mother regarding his good character. As such, there was

---

[3] Rule of Evidence 405 (a) provides:

(1)  In General. When evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion. *On cross-examination of the character witness, inquiry may be made into relevant specific instances of the person's conduct.* (emphasis supplied)

no error in the admission of the evidence. *See* TEX. R. EVID. Rule 405 (a); *Wilson*, 71 S.W.3d at 350.

**D.    If there was error in the admission of this testimony, Appellant has not shown that he was harmed**.

Finally, should the Court find that the complained-of evidence was erroneously admitted, Appellant has not shown that he was harmed. The sum total of Appellant's harm analysis is that, with the evidence, "the State created a picture of Appellant as one who had a long and varied history of criminal conduct." (Appellant's brief at 8).

Texas Rule of Appellate Procedure 44.2 provides that a nonconstitutional error "that does not affect substantial rights must be disregarded." TEX. R. APP. PROC. Rule 44.2 (b). The Court of Criminal Appeals has determined that substantial rights are not affected by the erroneous admission of evidence "if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect." *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001). In assessing the likelihood that the jury's decision was adversely affected by the error, this Court is instructed to consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case. *See Morales v.*

10

*State*, 32 S.W.3d 862, 867 (Tex.Crim.App. 2000). This Court may also consider the jury instructions, the State's theory and any defensive theories, closing arguments and even voir dire, if applicable. *Id*.; *see also Llamas v. State*, 12 S.W.3d 469, 471 (Tex. Crim.App. 2000). The Court of Criminal Appeals has further recognized that whether the State emphasized the error can be a factor. *King v. State*, 953 S.W.2d 266, 272 (Tex.Crim.App. 1997).

In this case, even if the complained-of evidence was not presented, the other evidence in the record would still show that Appellant, "had a long and varied history of criminal conduct." The evidence at trial showed that Appellant was fully involved in the aggravated robbery in which he and his cohorts intended to steal drugs and/or drug money. (RR 6: 53-56, 68, 118-19, 157; RR 7: 112, 176-77, 181-83). Other evidence showed that Appellant was one of the robbers who shot the victim during the course of the robbery and left him for dead on the ground outside his home. (RR 6: 115, 125, 133, 164; RR 7: 121-23, 189-91, 201-204). When Appellant was arrested after a stand-off with police at his house, the record shows that a 9 mm. handgun, ammo for several other different firearms, drug paraphenalia, unauthorized prescription pills, and heroin were all seized during the subsequent search of the house. (RR 6: 141; RR 7: 25-33, 39; RR 10: 23-25, 41). Appellant specifically admitted that the heroin and the gun found in the house belonged to him. (RR 8: 107-

11

08, 123, RR 10: 24, 26).[4] Moreover, the jury heard from Appellant that he was on parole from a conviction for posessessing a controlled substance (crack cocaine) when the instant offense was committed and was still on parole at the time of this trial. (RR 8: 106-08). Consequently, Appellant was in violation of his parole to have weapons and drugs in his home. (RR 8: 107-08).

It should also be noted that during closing arguments, the State did not mention, much less rely upon, the testimony that Appellant had been previously arrested for burglary of a vehicle and forgery. *See* (RR 10: 77-85, 89-96).

The law provides that this Court should consider all of the evidence from the trial in considering whether an error in the admission of evidence is harmless. *Motilla v. State*, 78 S.W.3d 352, 358 (Tex.Crim.App. 2002) ("We hold once again that the evidence of the defendant's guilt is a factor to be considered in any thorough harm analysis."). Given that the record is replete with evidence of Appellant's conscious disregard for human life and his repeated felony-level violations of the law, the admission of the complained-off testimony, if error at all, would appear to have played no role in the jury's assessment of Appellant's life sentence.

---

[4] After the trial of this case, the record shows that Appellant subsequently pled guilty and was convicted for possessing the heroin found at his house and for being a felon in possession of the handgun also found in his home. (RR 11: 16-17). He was assessed punishment at 20 years confinement for possesing the heroin and 10 years for being a felon in illegal possession of a firearm. (RR 11: 21-22).

12

For these reasons, there is no merit to Appellant's second Point of Error and it should be overruled.

**PRAYER**

**WHEREFORE**, for the reasons stated herein, the State of Texas prays that the Court of Appeals overrule Appellant's Points of Error and affirm the judgment of the 114th District Court, Smith County, Texas, in this case.

Respectfully submitted,

D. MATT BINGHAM
Smith County Criminal District Attorney


/s/ Michael J. West
_____
Michael J. West
Asst. Criminal District Attorney
Bar I.D. No. 21203300
100 N. Broadway, 4th Fl.
Tyler, Texas 75702
(903) 590-1720
(903) 590-1719 (fax)

**CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the pertinent sections of the State's Reply Brief in the above numbered cause contain 2,522 words, an amount which complies with Texas Rule of Appellate Procedure 9.4 (i).

/s/ Michael J. West
_____
Michael J. West
Asst. Criminal District Attorney
Bar I.D. No. 21203300

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this __26th__ day of __August__ , 2015, the following have been completed:

(1) The original of the State's Response to Appellant's Brief in the above numbered cause has been sent via electronic filing to the Clerk of the Court of Twelfth Court of Appeals.

(2) A legible copy of the State's Response to Appellant's Brief in the above numbered cause has been sent via electronic filing to:

Mr. Clement Dunn
Attorney at Law
140 East Tyler, Ste. 240
Longview, Texas 75601

/s/ Michael J. West
_____
Michael J. West
Asst. Criminal District Attorney
Bar I.D. No. 21203300