

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-17-00825-CR and 04-17-00835-CR

James **STRIBLIN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2013CR4271 and 2013CR4270
Honorable Jefferson Moore, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:       Sandee Bryan Marion, Chief Justice
               Marialyn Barnard, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed: December 19, 2018

AFFIRMED

On July 25, 2014, in trial court number 2013CR4271 (appellate cause number 04-17-00825-CR), Appellant James Striblin plead nolo contendere to the charge of possession of a controlled substance. In accordance with a plea agreement with the State, the trial court assessed two years' confinement in the State Jail Division of the Texas Department of Criminal Justice, suspended and probated for a period of two years. On the same day, in trial court number 2013CR4270 (appellate cause number 04-17-00835-CR), Striblin also entered a plea of nolo contendere to a first-degree felony possession of a controlled substance with intent to deliver. In

accordance with a plea agreement with the State, the trial court placed Striblin on eight years' deferred adjudication community supervision.

The State subsequently filed a motion to revoke Striblin's probation in cause number 04-17-00825-CR and a motion to adjudicate in cause number 04-17-00835-CR. After a contested hearing, the trial court found each of the State's allegations true in each of the motions. In cause number 04-17-00825-CR, the trial court revoked Striblin's probation and assessed punishment at two years' confinement in the State Jail Division of the Texas Department of Criminal Justice. In cause number 04-17-00835-CR, the trial court adjudicated Striblin guilty, and assessed punishment at life in the Institutional Division of the Texas Department of Criminal Justice. On appeal, Striblin contends the evidence is insufficient to support the trial court's judgments. We affirm both judgments in their entirety.

PROBATION VIOLATIONS

We turn first to the State's alleged "technical" violations—the alleged probation violations other than Striblin's new criminal charges alleged as violations of condition #1 of the conditions of his probation.

A.    Arguments of the Parties

Striblin contends the State's reliance on the testimony of Bexar County Adult Probation Officer Carolyn Alvarado was insufficient to support the State's allegations because she "apparently had no contact with [Striblin] after his sentencing in 2014." The State counters that Striblin never sought to establish, and the record is void of any evidence to support Striblin's suggestion, that Alvarado did not have contact with Striblin after his initial sentencing in 2014 or that Alvarado did not have personal knowledge of Striblin's failure to comply with the conditions of his community supervision.

**B.      Necessary Proof**

An appellate court reviews a trial court's decision to revoke community supervision for an abuse of discretion. *See Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The trial court has discretion to revoke community supervision when a preponderance of the evidence supports at least one of the State's alleged violations of the conditions of community supervision. *See Hacker*, 389 S.W.3d at 864–65 (explaining standard of review is the same for regular probation and deferred adjudication); *see also York v. State*, 342 S.W.3d 528, 543 n.86 (Tex. Crim. App. 2011) (reiterating preponderance of the evidence is much lower standard than beyond a reasonable doubt, but much higher than probable cause). This standard is met "when the greater weight of the credible evidence . . . create[s] a reasonable belief that the defendant has violated a condition of his probation." *Hacker*, 389 S.W.3d at 865 (quoting *Rickels*, 202 S.W.3d at 764).

"The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial [court's] ruling." *Brown v. State*, 354 S.W.3d 518, 519 (Tex. App.—Fort Worth 2011, pet. ref'd) (mem. op.). "If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking the community supervision." *Id.*; *accord Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984).

**C.      Failure to Preserve**

A defendant must "make a timely request, objection, or motion with sufficient specificity to apprise the trial court of the complaint." *Johnson v. State*, 365 S.W.3d 484, 491 (Tex. App.—Tyler 2012, no pet.); *see also Haley v. State*, 173 S.W.3d 510, 516–17 (Tex. Crim. App. 2005). "This rule ensures that trial courts are provided an opportunity to correct their own mistakes at the

most convenient and appropriate time—when the mistakes are alleged to have been made." *Hull v. State*, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002).

To be timely, a party must object either (1) before the evidence is admitted, or (2) if not possible to object before the evidence is admitted, "as soon as the objectionable nature of the evidence becomes apparent." *See Jasso v. State*, 112 S.W.3d 805, 813 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (citing *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991)); *see also Wilson v. State*, 7 S.W.3d 136, 146 (Tex. Crim. App. 1999) (stating that although "subsequent events may cause a ground for complaint to become more apparent, [but that fact] does not render timely an otherwise untimely complaint"). "An appellant fails to preserve error by failing to object when he had the opportunity. . . ." *Burt v. State*, 396 S.W.3d 574, 577–78 (Tex. Crim. App. 2013).

In the present case, the State requested the trial court take judicial notice of Striblin's probation files, to which defense counsel responded as follows:

> Your Honor, he's your probationer. Any objection to hearsay I think—as your probationer I think you can look at the files. Any objection would be fruitless.

No other objections were raised during Alvarado's testimony. Because defense counsel failed to object to either the probation files or Alvarado's testimony regarding the technical violations, specifically Striblin's violating of conditions 4, 6C, 9, 10, 20, and 29, we conclude Striblin failed to preserve error for appellate review on Alvarado's testimony or the probation files as to these alleged violations. *See Johnson*, 365 S.W.3d at 491; *Haley*, 173 S.W.3d at 516–17.

**D.     Analysis**

Alvarado testified that on April 16, 2016, Striblin violated Condition Number 29 of the conditions of his community service that required him to submit to random weekly and monthly urinalysis testing. Although Striblin testified, during the defense case-in-chief, that he reported

for the testing, the trial court alone determines the credibility of the witnesses. *See Brown*, 354 S.W.3d at 519.

Reviewing the evidence in the light most favorable to the trial court's ruling, we conclude the State proved, by a preponderance of the evidence, that Striblin violated the condition of his community supervision that required him to submit to urinalysis testing, at the direction of his probation officer, when he failed to submit a urine specimen on April 16, 2016. *See id.*; *see also Rickels*, 202 S.W.3d at 763; *McWilliams v. State*, No. 02-14-00142-CR, 2014 WL 7204509, at *2 (Tex. App.—Fort Worth Dec. 18, 2014, pet. ref'd) (mem. op., not designated for publication) (holding that trial court did not abuse its discretion by revoking appellant's community supervision on the ground that she failed to submit a urine sample); *Sanchez v. State*, No. 01-13-00631-CR, 2014 WL 3107659, at *3 (Tex. App.—Houston [1st Dist.] July 8, 2014, no pet.) (mem. op., not designated for publication) (same). Proof of a single violation is sufficient to support revocation of community supervision. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *accord Trevino v. State*, 218 S.W.3d 234, 240 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

## E.      Remaining Violations

To prevail in his appeal asserting the trial court abused its discretion, Striblin was required to successfully challenge each and every finding that supports the revocation order. *See Silber v. State*, 371 S.W.3d 605, 611 (Tex. App.—Houston [1st Dist.] 2012, no pet.) ("[T]o prevail on appeal, the defendant must successfully challenge all of the findings."). Because Striblin failed to successfully challenge each finding supporting the trial court's revocation, we need not address Striblin's arguments challenging the remaining technical violations or the trial court's findings that Striblin violated condition #1 of his probation by committing the offenses of felon in possession of a firearm and possession with intent to deliver a controlled substance. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) ("We need not address appellant's other contentions

since one sufficient ground for revocation will support the court's order to revoke probation."); *Gobell v. State*, 528 S.W.2d 223, 224 (Tex. Crim. App. 1975) ("Since the other finding upon which probation was revoked is unchallenged, appellant's contention, even if correct, would not show an abuse of discretion.").

## CONCLUSION

Having determined the evidence is sufficient to support the trial court's findings, by a preponderance of the evidence, on Striblin's failure to submit for a urine specimen on April 16, 2016, we cannot conclude the trial court abused its discretion in revoking Striblin's community supervision and assessing punishment at two years' in the State Jail Division of the Texas Department of Criminal Justice in cause number 04-17-00825-CR and in adjudicating Striblin guilty and assessing a life sentence in the Institutional Division of the Texas Department of Criminal Justice in cause number 04-17-00835-CR. We, therefore, affirm the trial court's judgments.

Patricia O. Alvarez, Justice

DO NOT PUBLISH