**Opinion filed September 12, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00278-CR

_____

## WALTER BYRON SEXTON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. 16617**

## M E M O R A N D U M   O P I N I O N

The jury convicted Walter Byron Sexton, Appellant, of the offense of possession of less than one gram of methamphetamine. Appellant pleaded true to the enhancement allegations, and the jury assessed his punishment at confinement for twenty years and fine of $10,000. We modify the trial court's judgment to delete the court-ordered restitution, and we affirm as modified.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously

examines the record and applicable law and states that he has concluded that there are no arguable issues to present in this appeal. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, a copy of the clerk's record, and a copy of the reporter's record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Despite being granted an extension of time in which to file his response, Appellant has not filed a pro se response to counsel's brief. In addressing an *Anders* brief and pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that there are no arguable grounds for appeal.[1]

We note, however, that the judgment contains nonreversible error. In the judgment, the trial court ordered Appellant to pay "Restitution" that included $180 payable to the "Texas DPS." Although a trial court has authority to require a

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

2

probationer to reimburse the DPS for lab fees as a condition of probation, a trial court has no authority to assess DPS lab fees as restitution when a defendant is sentenced to imprisonment. *King v. State*, No. 12-17-00194-CR, 2018 WL 345737, at *2 (Tex. App.—Tyler Jan. 10, 2018, no pet.) (mem. op., not designated for publication) (citing *Aguilar v. State*, 279 S.W.3d 350, 353 (Tex. App.—Austin 2007, no pet.)); *see also Johnson v. State*, 365 S.W.3d 484, 491–92 (Tex. App.—Tyler 2012, no pet.) (holding that there was insufficient evidence to support reimbursement order to DPS). Here, Appellant was sentenced to imprisonment. Thus, the trial court had no authority to order Appellant to reimburse the DPS. *See King*, 2018 WL 345737, at *2. Moreover, DPS lab fees are not properly subject to a restitution order. *Id.*; *see Hanna v. State*, 426 S.W.3d 87, 91 (Tex. Crim. App. 2014) (recognizing that restitution "may be ordered only to a victim of an offense for which the defendant is charged"). A trial court is authorized to order a defendant convicted of an offense to pay restitution to a victim of the offense or to a crime victim's assistance fund, not to an agency of the State of Texas. TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (West 2018); *see King*, 2018 WL 345737, at *2.

Because restitution to the DPS is not authorized under Article 42.037(a) and because no evidence supports the $180 assessment, we hold that the trial court erred when it ordered $180 in restitution payable to the DPS. Deletion of a written restitution order is appropriate when the trial court lacked statutory authority to impose the specific restitution order, such as when restitution has been ordered to be paid to someone who was not a victim of the offense. *Burt v. State*, 445 S.W.3d 752, 757–58 (Tex. Crim. App. 2014). Thus, the $180 in restitution should be deleted from the judgment. *See id.*; *King*, 2018 WL 345737, at *2; *Milligan v. State*, No. 02-16-00035-CR, 2016 WL 6123643, at *1–2 & n.2 (Tex. App.—Fort Worth Oct. 20, 2016, no pet.) (mem. op., not designated for publication) (deleting from judgment $180 in lab-related restitution payable to the Texas Department of Public Safety).

Accordingly, we grant counsel's motion to withdraw, and we modify the trial court's judgment to delete the "Restitution" of "**$180.00**" that was ordered to be paid to the "Texas DPS." As modified, the judgment of the trial court is affirmed.

PER CURIAM

September 12, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.