# NO. 12-21-00065-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JERRY EATON MIMS,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Appellant Jerry Eaton Mims was indicted for possession of a controlled substance. After the trial court denied Appellant's motion to suppress, Appellant pleaded "guilty" pursuant to a plea bargain agreement, and the trial judge found Appellant guilty and assessed punishment at six years of confinement.[1] In his sole appellate issue, Appellant challenges the trial court's denial of his motion to suppress. We affirm the trial court's judgment.

### BACKGROUND

While patrolling on Moore Street in north Tyler, Texas, Officer Charles Johnson of the Tyler Police Department stopped a pickup truck driven by Appellant for driving on the left side of the roadway. Johnson testified that there were no vehicles parked on the roadway, no objects that Appellant was trying to avoid, and Appellant was not passing a vehicle or turning into a private drive. Johnson also explained that the road was not busy. According to Johnson, if another vehicle were driving in the opposite direction, Appellant would have struck it head on.

Johnson did not feel safe immediately conducting a traffic stop because of gang and narcotics activity in the area, so he followed Appellant for a few blocks before stopping him on

---

[1] Appellant was charged with a state jail felony, but his punishment range was enhanced to that of a second-degree felony due to his two prior felony convictions.

West Gentry Parkway. The video recorder in Johnson's patrol car did not show Appellant driving left of center because Johnson had not yet decided to stop the vehicle when the traffic offense occurred. Johnson explained that the dash camera is activated when he turns on his emergency lights or presses the record button, and the recorder was not on when the traffic violation occurred. When Johnson stopped Appellant, Appellant consented to a search of his vehicle, and Johnson found a clear bag of what he believed to be methamphetamine.

Mims testified that he saw Officer Johnson following him before he turned onto Moore Street. According to Mims, he drove in the center of the road because some vehicles were parked on one side of the road, and there was "a lot of traffic about that time." Mims explained that he drove "on the center of the road" to avoid hitting vehicles that were parked on one side of the road.

Appellant filed a pretrial motion to suppress the evidence obtained as a result of the traffic stop, arguing that he was detained without "lawful warrant, probable cause[,] or other lawful authority[,]" and that the use of any evidence seized during the stop therefore violated his rights under the United States and Texas constitutions. At the hearing on the motion, the State argued that driving left of center is a traffic violation, and that the State was only required to prove that Johnson reasonably suspected that a traffic offense occurred. After the hearing, the trial court found that there was reasonable suspicion for the stop and denied Appellant's motion to suppress. The trial court filed findings of fact and conclusions of law. In its findings of fact, the trial court found that (1) Johnson saw a pickup truck driving left of center, (2) there was no evidence that the street was a one-lane roadway, (3) Appellant was not passing another vehicle, (4) there were no obstructions in the roadway, (5) no vehicles were parked on the roadway, (6) Appellant was not making a left-hand turn onto a roadway or into a private driveway, (7) it is a violation of Section 545.051 of the Texas Transportation Code to drive left of center, (8) Johnson expressed concern about Appellant hitting a vehicle head-on, and (9) Johnson's "testimony was truthful and credible." In its sole conclusion of law, the trial court determined that Johnson "had reasonable suspicion to conduct the traffic stop of the Defendant for driving left of center, a violation of Texas Transportation Code section 545.051."

Appellant subsequently pleaded "guilty" pursuant to a plea bargain agreement, and the trial court found Appellant guilty and imposed a sentence of six years of confinement. This appeal followed.

2

## MOTION TO SUPPRESS

In his sole issue, Appellant argues that the trial court erred by denying his motion to suppress because the State did not prove that he committed the traffic offense for which Johnson stopped him. Specifically, Appellant contends that because the street did not have lane dividers and was a small street in a residential area, it was not unlawful for him to drive on the left side of the road "to avoid the vehicles or any other obstructions[,]" and there was "no testimony that Moore [Street] is a one-way or two-way street."

## Standard of Review and Applicable Law

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013); *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010). We give almost total deference to the trial court's determination of historical facts, especially if those determinations turn on witness credibility or demeanor, but we review de novo the trial court's application of the law to facts not based on an evaluation of credibility and demeanor. *Neal v. State*, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008); *see also Kerwick*, 393 S.W.3d at 273. At a hearing on a motion to suppress, the trial court is the exclusive trier of fact and judge of the credibility of the witnesses. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). Therefore, a trial court may choose to believe or to disbelieve all or any part of a witness's testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). We must uphold the trial court's ruling on a motion to suppress if the ruling was supported by the record and was correct under any theory of law applicable to the case. *Alford v. State*, 400 S.W.3d 924, 929 (Tex. Crim. App. 2013); *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003).

In reviewing a trial court's ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court's ruling. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). When, as here, a trial court files findings of fact with its ruling on a motion to suppress, we view the evidence in the light most favorable to the ruling and determine whether the record supports the trial court's findings. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010); *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). Unless the trial court abused its discretion by making a finding that is not supported by the record, we will defer to the trial court's fact findings and not disturb them on appeal. *Cantu v. State*, 817 S.W.2d 74, 77 (Tex. Crim. App. 1991); *Self v. State*, 709 S.W.2d 662, 664-65 (Tex. Crim App. 1986). We address

only the question of whether the trial court properly applied the law to the facts. *Romero*, 800 S.W.2d at 543.

A routine traffic stop closely resembles an investigative detention. *Johnson v. State*, 365 S.W.3d 484, 488 (Tex. App.—Tyler 2012, no pet.). Because an investigative detention is a seizure that implicates the United States and Texas constitutions, the traffic stop must be reasonable. U.S. CONST. amend. IV; TEX. CONST. art. I, § 9; *Francis v. State*, 922 S.W.2d 176, 178 (Tex. Crim. App. 1996). To determine the reasonableness of an investigative detention, we must determine (1) whether the officer's action was justified at its inception and (2) whether it was reasonably related in scope to the circumstances that initially justified the interference. *Terry v. Ohio*, 392 U.S. 1, 19-20, 88 S. Ct. 1868, 1879, 20 L. Ed. 2d 889 (1968); *Davis v. State*, 947 S.W.2d 240, 242 (Tex. Crim. App. 1997). An officer's reasonable suspicion justifies an investigative detention. *Davis*, 947 S.W.2d at 242-43. Specifically, the officer must have a reasonable suspicion that some activity out of the ordinary is occurring or has occurred. *Id*. at 244. To determine whether an officer's initial action was reasonable, we ask whether, considering his experience and knowledge, there existed specific, articulable facts which, taken together with rational inferences from those facts, reasonably warranted the intrusion. *Id.* at 242 (citing *Terry*, 392 U.S. at 21, 88 S. Ct. at 1880). Therefore, if an officer has a reasonable suspicion that a person violated a traffic regulation, the officer may legally initiate a traffic stop. *Powell v. State*, 5 S.W.3d 369, 376 (Tex. App.—Texarkana 1999, pet. ref'd). "[I]t is not necessary to show that the person detained actually violated a traffic regulation." *Johnson*, 365 S.W.3d at 489; *see also Powell*, 5 S.W.3d at 376-77. "It is sufficient to show that the officer reasonably believed that a violation was in progress." *Powell*, 5 S.W.3d at 377.

## Analysis

Section 545.051(a) of the Texas Transportation Code provides that an operator of a vehicle "shall drive on the right half of the roadway" unless the operator is passing another vehicle, an obstruction necessitates moving left of the roadway's center, the operator is on a roadway that is divided into three marked lanes, or the operator is on a one-way road. TEX. TRANSP. CODE ANN. § 545.051(a) (West 2011). The statute does not limit the requirement of driving on the right half of the roadway to roads that are marked with a center stripe or other lane dividers. *See id*. In addition, although Johnson did not explicitly testify that the street was not a one-way street, Johnson testified that if another vehicle had approached from the opposite direction, Appellant

would have collided with it.  The trial court could reasonably infer from Johnson's testimony that the street was not a one-way street because Johnson would not have been concerned about a vehicle coming from the opposite direction on a one-way street.  Johnson testified that he saw Appellant driving to the left of center, and Johnson's observation, which the trial judge found to be credible, provided reasonable suspicion for a traffic stop.  *See **Rubeck v. State***, 61 S.W.3d 741, 745 (Tex. App.—Fort Worth 2001, no pet.).  The trial court heard conflicting testimony from Johnson and Appellant regarding whether vehicles were parked on the side of the road and whether the road was busy, and the trial court found that no vehicles were parked on the roadway and the road was not busy.  The trial court concluded that Johnson's testimony was truthful and credible.

Viewing the evidence in the light most favorable to the trial court's ruling and giving almost total deference to the trial court's findings on questions of historical fact and application-of-law-to-fact questions that turn on evaluation of credibility and demeanor, we conclude that the trial court did not err by concluding that Johnson reasonably suspected that Appellant violated a traffic regulation, and the trial court likewise did not err by denying Appellant's motion to suppress.  *See **Kerwick***, 393 S.W.3d at 273; ***Neal***, 256 S.W.3d at 281; ***Maxwell***, 73 S.W.3d at 281; ***Ross***, 32 S.W.3d at 855; ***Davis***, 947 S.W.2d at 242-43; ***Cantu***, 817 S.W.2d at 77; ***Johnson***, 365 S.W.3d at 489.  We overrule issue one.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered March 9, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 9, 2022**

**NO. 12-21-00065-CR**

**JERRY EATON MIMS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-1871-19)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*